UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIFFANY C.,

                     Plaintiff,

      v.                                      5:17-CV-878
                                                     (FJS/DJS)

COMMISSIONER OF SOCIAL
SECURITY,

                     Defendant.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

OLINSKY LAW GROUP                  HOWARD D. OLINSKY, ESQ.
Counsel for Plaintiff
300 South State Street, Suite 420
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION     ANDREEA LECHLEITNER, ESQ.
Office of Regional General Counsel         Special Assistant U.S. Attorney
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

# REPORT-RECOMMENDATION AND ORDER[1]

      Currently before the Court, in this Social Security action filed by Tiffany Ciarla ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

---

[1] Upon Plaintiff's declination of consent to a Magistrate Judge this matter has been referred to the undersigned for a Report-Recommendation pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 72. *See* Dkt. No. 5 & General Order 18.

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 9 & 10. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be **denied** and Defendant's Motion for Judgment on the Pleadings be **granted**. The Court further recommends that the Commissioner's decision denying Plaintiff's disability benefits be affirmed, and Plaintiff's Complaint be dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1990, making her 25 years old at the date of the ALJ's decision. Dkt. No. 8, Admin. Tr. ("Tr.") at p. 58. Plaintiff has a high school diploma, but attended college only briefly before withdrawing. Tr. at p. 58. She has a very limited work history, working sporadically as a part-time cafeteria worker and then briefly as a waitress. Tr. at p. 46.

### B. Procedural History

Plaintiff applied for child's disability insurance benefits on November 7, 2013 and for Supplemental Security Income the same date, alleging disability beginning June 30, 2008. Tr. at pp. 43 & 46. These claims were initially denied on February 24, 2014, Tr. at pp. 140-151, after which she timely requested a hearing before an Administrative Law Judge

("ALJ"). Plaintiff appeared at hearings before ALJ Gregory M. Hamel on August 11, 2015[2] and September 17, 2015. Tr. at pp. 64-113. On December 7, 2015, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 43-59. On June 15, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-5.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. Tr. at pp. 46-59. First, the ALJ found that Plaintiff had not attained the age of twenty-two (22) prior to the alleged onset date of her disability. Tr. at p. 46. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2008, the alleged onset date. Tr. at p. 46. Third, the ALJ found that Plaintiff had the following severe impairments: anxiety disorder, panic disorder, dysthymia, and a learning disability. Tr. at pp. 46-47. Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 47. Specifically, the ALJ considered Listings 12.04 (affective disorders), 12.05 (intellectual disorders) and 12.06 (anxiety-related disorders). Tr. at p. 47. Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

---

[2] On this date, Plaintiff appeared with her parents, but no legal representative. At Plaintiff's request the hearing was postponed in order for Plaintiff to obtain legal representation. Tr. at pp. 96-113.

> she can do routine and repetitive tasks only. The claimant is unable to do tasks requiring more than occasional public contact either in person or over the phone and is unable to do tasks that require more than occasional interactions with co-workers. She is also unable to perform tasks with a strong production pace element.

Tr. at p. 50. Sixth, the ALJ found that Plaintiff had no past relevant work. Tr. at p. 57. Seventh, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at p. 58. The ALJ therefore concluded that Plaintiff is not disabled. Tr. at p. 59.

### D. The Parties' Briefing on Their Cross-Motions

Plaintiff raises four issues for consideration by the Court. First, she contends that the ALJ erred at step three of the sequential analysis in finding that she did not meet Paragraph C of the Listing 12.06 criteria. Second, that the ALJ's RFC determination was not supported by substantial evidence because it failed to account for Plaintiff's need for special supervision or additional explanation of instructions. Third, that the step five finding was not supported by substantial evidence because it was based on an incomplete hypothetical to the vocational expert ("VE"). Fourth, that the Appeals Council erred when it failed to consider new and material evidence submitted to it for review. *See generally* Pl.'s Brief.

In response, Defendant takes the position that the determination should be affirmed. First, Defendant argues that the ALJ's determination that Plaintiff failed to satisfy Listing 12.06 was reasonable. Second, Defendant contends that the ALJ's RFC determination

properly considered Plaintiff's limitations and was supported by substantial evidence. Third, Defendant contends that because the RFC was supported by substantial evidence the ALJ's hypothetical to the vocational expert which reflected that RFC determination was proper. Fourth, Defendant contends that the Appeals Council properly declined to consider new evidence because there was no reasonable probability that it would change the outcome of the case. *See generally* Def.'s Brief.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process

is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

#### A. Whether Plaintiff Meets the Requirements for Listing 12.06

The Plaintiff "has the burden of proof at step three to show that her impairments meet or medically equal a Listing." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 272 (N.D.N.Y. 2009) (citing *Naegele v. Barnhart*, 433 F. Supp. 2d 319, 324 (W.D.N.Y. 2006)). "To meet

a Listing, Plaintiff must show that her medically determinable impairment satisfies all of the specified criteria in a Listing." *Rockwood v. Astrue*, 614 F. Supp. 2d at 272 (citing 20 C.F.R. § 404.1525(d)). "If a claimant's impairment 'manifests only some of those criteria, no matter how severely,' such impairment does not qualify." *Rockwood v. Astrue*, 614 F. Supp. 2d at 272 (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). Additionally, a court may uphold an ALJ's finding that a claimant does not meet a Listing even where the decision lacks an express rationale for that finding if the determination is supported by substantial evidence. *Rockwood v. Astrue*, 614 F. Supp. 2d at 273 (citing *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982)).

In order to meet Listing 12.06, Plaintiff must show that she meets the criteria under paragraph A of the Listing and either paragraphs B or C. 20 C.F.R. § 404, Subpart P, App. 1, § 12.06 (2014); *Harrison v. Colvin*, 2016 WL 1358377, at *10 (N.D.N.Y. Mar. 15, 2016), *report and recommendation adopted sub nom. Harrison v. Comm'r of Soc. Sec.*, 2016 WL 1337344 (N.D.N.Y. Apr. 5, 2016). The parties here focus exclusively on whether Plaintiff meets the paragraph C, criteria which involve conditions "[r]esulting in complete inability to function independently outside the area of one's home." 20 C.F.R. § 404, Subpart P, App. 1, § 12.06; *see also* Pl.'s Brief at pp. 13-14; Def.'s Brief at pp. 6-8. Upon a review of the record, the ALJ's finding regarding Plaintiff's inability to satisfy the listing criteria is supported by substantial evidence.

While Plaintiff clearly suffered from limitations that affected her daily living, the

record before the ALJ supported his conclusion that it did not result in a complete inability to function outside her home. Plaintiff was able to attend school and successfully earned a regents high school diploma. Tr. at pp. 51; 251-52. This level of success clearly supports the ALJ's finding that Plaintiff could function outside her home. The record also demonstrated that Plaintiff could function outside of the school context as well. She indicated that she went out throughout the week for car rides and to ride her bicycle. Tr. at p. 283.³ She went out grocery and clothes shopping every few weeks and those trips could last several hours. Tr. at p. 284. The record also indicated that she regularly went to church. Tr. at p. 285. Plaintiff relies on some contrary evidence from her own testimony, but the ALJ found that her testimony was not entirely credible, Tr. at p. 51, a finding Plaintiff does not directly take issue with here. *See Suarez v. Colvin*, 102 F. Supp. 3d 552, 579-80 (S.D.N.Y. 2015) (accepting ALJ's determination that Plaintiff's testimony about extent of symptoms was not credible when credibility determination was not challenged in briefs). Taken together the evidence in the record provided substantial evidence to support the ALJ's determination.

Moreover, Dr. Inman-Dundon, the State agency psychologist who initially reviewed Plaintiff's claim, considered the evidence available and also concluded that the paragraph C criteria were not established. Tr. at p. 118. "The opinions of state agency psychologists . .

---

³ Plaintiff cites testimony from her initial adjourned hearing from one of Plaintiff's parents that they are her only ride, Tr. at pp. 111-12, as evidence that she cannot go out alone, but in the context of whether her parents would accompany her to a future hearing it hardly stands for such a broad proposition.

. may constitute substantial evidence where, as here, they are supported by evidence in the record." *Stottlar v. Colvin*, 2014 WL 3956628, at *16 (N.D.N.Y. Aug. 13, 2014) (citing authorities).

Accordingly, the Court recommends finding that Plaintiff's argument regarding Listing 12.06 is not a basis for remand.

## B. Whether the ALJ's RFC Determination was Supported by Substantial Evidence

Residual functional capacity is defined as "'what an individual can still do despite his or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting SSR 85-15, 1985 WL 56857, at *8).

When assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants

are qualified experts in the field of social security disability. 20 C.F.R. § 404.1513a; *see also Frey ex rel. A.O. v. Astrue*, 485 Fed. Appx. 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Plaintiff claims that the RFC determination failed to account for her need to have special supervision. Pl.'s Brief at pp. 14-15. While the RFC did not specifically require particular supervision, the ALJ did place limits on Plaintiff's functional capacity that properly reflected her needs. The RFC limited Plaintiff to routine and repetitive tasks only. Tr. at p. 50. The ALJ further limited Plaintiff's RFC by restricting her from performing tasks with a strong production pace element. Tr. at p. 50.

The ALJ relied on Dr. Inman-Dundon's assessment that Plaintiff could perform unskilled work. Tr. at p. 121. Dr. Inman-Dundon also noted a moderate limitation in Plaintiff's ability to remember detailed instructions and attend for extended periods. Tr. at p. 120. Dr. Caldwell, who also assessed Plaintiff, found similar, though more mild,

limitations. Tr. at pp. 362-65. The ALJ considered these reports in the context of the other record evidence and accorded each of these findings partial weight, concluding that Plaintiff has moderate difficulties maintaining concentration. Tr. at p. 54. The ALJ then addressed that finding by limiting Plaintiff to routine and repetitive tasks where the need for instruction and supervision is presumably at a minimum. This conclusion drew an appropriate balance between Plaintiff's functional limitations and the concern identified by multiple sources that Plaintiff would have difficulty working routinely with others and would have a heightened level of anxiety when regularly in contact with supervisors and offered criticism of her work. *See* Tr. at pp. 53-54 & 374. Together with the conservative course of treatment Plaintiff had received and her own report of her activities, the ALJ reasonably concluded that Plaintiff could perform work under this RFC. Tr. at p. 53.

The ALJ's decision not to include a requirement regarding special supervision also draws support from the fact that none of the medical or other source evidence in the record, apart from Dr. Mohabir, articulated a specific need for Plaintiff to have special supervision. Dr. Mohabir noted only through a check-box form that Plaintiff's ability to work without such supervision would preclude performance 15% or more of the time in an eight hour work day. Tr. at p. 461. The ALJ, however, afforded little weight to Dr. Mohabir's opinion because she had been treating Plaintiff for only a month prior to rendering this opinion and in the view of the ALJ, the limitations noted by Dr. Mohabir were not consistent with the rest of the record before the ALJ. Tr. at p. 56 & 458-463. This was an appropriate basis for

limiting the weight given to this opinion. *Gaathje v. Colvin*, 2016 WL 11262524, at \*10 (D. Conn. July 11, 2016), *report and recommendation adopted sub nom. Gaathje v. Colvin*, 2017 WL 658055 (D. Conn. Feb. 17, 2017) (finding it was proper for ALJ to give limited weight to opinion when it was based on short treatment duration and was inconsistent with other record evidence).

Accordingly, the ALJ's RFC determination was supported by substantial evidence.

### C. Whether the ALJ's Step Five Determination was Supported by Substantial Evidence

Although the claimant has the general burden to prove she has a disability under the definitions of the Social Security Act, the burden shifts to the Commissioner at Step Five "to show there is other work that [the claimant] can perform." *McIntyre v. Colvin,* 758 F.3d at 150 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 (2d Cir. 2012)). "An ALJ may rely on a vocational expert's testimony regarding a hypothetical [question] as long as 'there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion' . . . [the hypothetical question] accurately reflect[s] the limitations and capabilities of the claimant involved." *Id*. at 151 (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983))

Plaintiff argues that the hypothetical posed to the VE was "incomplete" because it was based on the ALJ's faulty RFC determination. Pl.'s Brief at pp. 15-16. Plaintiff essentially argues that there was an error at Step Five for the same reasons that she contends were error in determining her RFC. *Id*. at p. 16 ("For the reasons discussed *supra* regarding the ALJ's

insufficient RFC finding, so too is the Step Five finding unsupported by substantial evidence"). Where, as here, the RFC determination is supported by substantial evidence, however, such an attempt to bootstrap the same argument into Step Five should be rejected. *Talbot v. Colvin*, 2016 WL 320156, at \*6 (N.D.N.Y. Jan. 26, 2016). As just discussed, the ALJ properly analyzed the record before him and his RFC determination was supported by substantial evidence. As such relying on that RFC as the basis for questions to the VE was not error. *Salmini v. Commissioner of Soc. Sec.*, 371 Fed. Appx. 109, 114 (2d Cir. 2010) ("Because we find no error in the ALJ's RFC assessment, we likewise conclude that the ALJ did not err in posing a hypothetical question to the [VE] that was based on that assessment"); *Williams v. Colvin*, 98 F. Supp. 3d 614, 637 (W.D.N.Y. 2015) (quoting *Pellam v. Astrue*, 508 Fed.Appx. 87, 91 (2d Cir.2013)) ("Having properly determined Plaintiff's residual functional capacity, the ALJ 'did not err in using that residual functional capacity to determine (with the help of a vocational expert) whether jobs existed in the national economy' that Plaintiff could perform.").

Accordingly, the ALJ properly relied on the VE testimony and his finding at step five is supported by substantial evidence.

### D. Whether the Appeals Council Erred By Not Considering New and Material Evidence

"Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the 'administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of

record.'" *Lesterhuis v. Colvin*, 805 F.3d 83, 86 (2d Cir. 2015) (quoting 20 C.F.R. § 404.970(b)). "The Appeals Council is obligated to consider 'new and material evidence.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (citing 20 C.F.R. § 404.970(b)). "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Stratton v. Colvin*, 51 F. Supp. 3d at 218 (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Id.* (quoting *Pollard v. Halter*, 377 F.3d at 193) (alteration in original).

Following the ALJ's decision, Plaintiff brought to the attention of the Appeals Council two additional documents. Tr. at pp. 15-39. The Appeals Council did not consider the evidence, concluding that it "does not show a reasonable probability that it would change the outcome of the decision." Tr. at p. 2. Plaintiff alleges that this "boilerplate" denial was error, Pl.'s Brief at p. 17, but it is difficult to see how the material submitted for the first time to the Appeals Council could be considered new and material, *i.e.* likely to have led to a different result, when by Plaintiff's own argument it merely serves to show a lack of improvement. To be "new," the evidence must not be merely cumulative of other evidence previously in the record. *Wilson v. Comm'r of Soc. Sec.*, 2016 WL 4384334, at *13 (E.D.N.Y. Aug. 16, 2016). While the evidence at issue was not available to the ALJ, Plaintiff offers nothing more than the argument that this evidence "serve[s] to support the

weight of the medical evidence regarding Plaintiff's impairment and inability to function." Pl.'s Brief at p. 17. The ALJ, however, reached the contrary conclusion regarding the weight of the evidence. Tr. at pp. 46-59. Nothing in the material which postdates the ALJ's decision provides any basis for finding that it would have changed the ALJ's assessment of the evidence.

The records at issue consist of treatment therapy notes from Nurse Practitioner Amy Casale and a letter from Ashley Lawton, a counselor. With regard to the latter, Ms. Lawton's letter is not accompanied by any treatment notes or records. Tr. at pp. 38-39. It states Ms. Lawton's opinion that Plaintiff suffers from an undiagnosed mental health disorder and indicates that "[a]n evaluation is required to assess her limitations." Tr. at p. 39. Such an indeterminate statement offers no basis for finding the ALJ would have reached a different determination had this information been available to him. *See Florek v. Comm'r of Soc. Sec.*, 2009 WL 3486643, at *12 (N.D.N.Y. Oct. 21, 2009).

Nurse Practitioner Casale's records are certainly more detailed, but those records demonstrate little that could be considered new information. Ms. Casale's records establish that Plaintiff had a normal mood, was not reporting any suicidal ideation, was presenting well, and had shown good impulse control, among other things. Tr. at pp. 17-34. This information is consistent with the information the ALJ relied upon in reaching his conclusion. Tr. at pp. 46-59. Beyond suggesting that the records show "that Plaintiff is not getter better" Plaintiff's brief fails to articulate what is new, rather than merely cumulative,

in these records. Pl.'s Brief at pp. 16-17. This case is unlike others where the new evidence "strongly suggests that, during the relevant time period, [Plaintiff's] condition was far more serious than previously thought." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004).

Accordingly, it is recommended that the District Court find that there was no error in the Appeals Council's handling of this proffered evidence.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED,** that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 9) be **DENIED**; and it is further

**RECOMMENDED,** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 10) be **GRANTED**; and it is further

**RECOMMENDED,** that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED**; and it is further

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be DISMISSED and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

**(14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 20, 2018
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge